UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ANTHONY W. MAYFIELD,
     Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,
     Agency.

DOCKET NUMBER
DE-1221-13-0320-W-1

DATE: April 26, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Anthony W. Mayfield, Santa Fe, New Mexico, pro se.

Zulema Hinojos-Fall, Esquire, and Kathleen A. Catanach,
   Albuquerque, New Mexico, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 During the time period relevant to this appeal, the appellant served as a Dentist at an agency medical facility in Albuquerque, New Mexico. Initial Appeal File (IAF), Tab 7 at 10, 89. In October 2012, the appellant's supervisor notified him of deficiencies in his clinical competency and placed him on a 90-day performance improvement plan (PIP). *Id.* at 20-22. After completing the PIP period, the appellant received a February 4, 2013 annual proficiency report rating his overall proficiency as "unsatisfactory." *Id.* at 63-64. On March 5, 2013, the appellant notified the agency that he would resign in 30 days because he could "no longer work in an environment that has become hostile, unsafe and punitive." *Id.* at 18. The agency effected the appellant's resignation on April 4, 2013. *Id.* at 89.

¶3 The appellant filed complaints with the Office of Special Counsel (OSC) alleging that the agency had retaliated against him for disclosures regarding wasteful spending and inadequate patient care by giving him the unsatisfactory annual proficiency report and by creating an unpleasant working environment that forced him to resign. IAF, Tab 2 at 5. OSC made a preliminary determination to close its inquiry into the appellant's complaint, finding that it did not appear that his resignation was coerced and that, because he had resigned, there was no corrective action available pertaining to the unsatisfactory annual proficiency report. *Id.* On April 17, 2013, OSC closed its investigation into the appellant's complaint and notified him of his right to seek corrective action from the Board. *Id.* at 2-4.

¶4 The appellant subsequently filed this IRA appeal, alleging that, in retaliation for his protected disclosures, his supervisor gave him an unsatisfactory annual proficiency report and created intolerable working conditions that

compelled him to resign from his position. IAF, Tab 1, Tab 12 at 1. In an order and summary of a telephonic status conference, the administrative judge found that the appellant established jurisdiction over his IRA appeal by showing that he had exhausted his administrative remedies with OSC and by nonfrivolously alleging that he made at least one protected disclosure that was a contributing factor in the agency's creation of an environment that would have compelled a reasonable person to resign. IAF, Tab 12 at 1-2. In a subsequent order, the administrative judge informed the parties that the appellant's annual proficiency report could not be challenged as a stand-alone personnel action but that it could be considered as part of the "overall environment" in determining whether the agency coerced his resignation. IAF, Tab 24 at 2 n.2.

¶5 After holding the requested hearing,[2] the administrative judge issued an initial decision finding that the appellant failed to show by preponderant evidence that his resignation was involuntary and, therefore, concluded that the appellant could not establish that the agency took a covered personnel action against him. IAF, Tab 38, Initial Decision (ID) at 6-11. Because the appellant did not prove that the agency subjected him to a covered personnel action, the administrative judge denied his request for corrective action. ID at 12.

¶6 The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.[3] On review, the appellant reiterates his argument from below that the PIP and resulting proficiency report were flawed and unfair and argues, among other things, that two relevant witnesses did not testify at the

---

[2] The administrative judge originally scheduled the hearing to be conducted by video conference. IAF, Tab 21 at 1. However, due to technical difficulties, the hearing was conducted telephonically. IAF, Tab 28, Hearing Compact Disc (HCD); IAF, Tab 38, Initial Decision at 2 n.1. The appellant did not object to proceeding with the telephonic, instead of the video, hearing. HCD.

[3] The appellant subsequently filed a motion asking the Board to accept an addendum containing two minor corrections to his petition for review. PFR File, Tab 3. We grant the appellant's motion and accept his addendum into the record on review.

hearing and that he was unable to address some evidence at the hearing.[4]  *Id.*  The agency has not responded to the appellant's petition for review.

¶7        Under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[5] the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence.  *Id.*  If the appellant proves that his protected disclosure was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would

---

[4] On review, the appellant also challenges the adequacy of the telephonic hearing, asserting that he had to participate from the agency counsel's "back office," that the "harsh conditions limited the accuracy of the audio recording and concealed any visual evidence," and that the administrative judge was unable to see the body language of a witness.  PFR File, Tab 1 at 4.  When an appellant has a right to an in-person hearing, the administrative judge has no authority to order a telephonic hearing over the appellant's objection.  *Abakan v. Department of Transportation*, 98 M.S.P.R. 662, ¶ 4 n.* (2005).  However, because the appellant did not object below to conducting the hearing telephonically, he failed to preserve this issue for review.  *See id.*; HCD.  Although the appellant did preserve his objection to participating in the telephonic hearing from agency counsel's office, HCD, he has not shown that the administrative judge erred in approving the hearing location or that his participation from that office had an adverse effect on his substantive rights, PFR File, Tab 1.  Therefore, any such error is of no legal consequence.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

[5] The alleged retaliatory actions at issue here took place after the December 27, 2012 effective date of the WPEA, Pub. L. No. 112-199, 126 Stat. 1465.  We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5.

¶8        Here, as noted above, the administrative judge found jurisdiction over this IRA appeal, but considered only whether the appellant's alleged involuntary resignation constituted a covered personnel action and did not consider the appellant's unsatisfactory annual proficiency report as a stand-alone personnel action.  IAF, Tab 24 at 2 n.2; ID.  However, "a performance evaluation under chapter 43 of [title V] or under title 38" is a personnel action under the WPEA. 5 U.S.C. § 2302(a)(2)(A)(viii).  The administrative judge did not explain, and it is not apparent on review, why the appellant's annual proficiency report rating his performance during the rating period as unsatisfactory did not constitute a personnel action under section 2302(a)(2)(A)(viii).  Under similar circumstances, the Board has found that an "unfavorable proficiency report" constituted a potentially retaliatory personnel action.  *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014).  Therefore, we find it appropriate to remand this claim for further adjudication.  On remand, the administrative judge shall afford the appellant notice and an opportunity to establish his prima facie case of whistleblower reprisal in connection with the annual proficiency report. If requested by the appellant, the administrative judge shall hold a supplemental hearing.

¶9        In light of our finding regarding the annual proficiency report, we vacate the administrative judge's analysis of the involuntary resignation claim and also remand this claim for further adjudication.[6]  *See id.*, ¶ 13; *Diefenderfer v.*

---

[6] The Board has found that the creation of a hostile work environment may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii) to the extent that it represents a significant change in duties, responsibilities, or working conditions.  *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16.  To meet this standard, an agency's actions must, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities.  *Id.*  In determining whether a hostile work environment is present, the

*Department of Transportation*, 108 M.S.P.R. 651, ¶ 37 (2008) (explaining that, because the Board was remanding the appeal for further consideration of some of the appellant's reprisal claims, and because these claims were intertwined with her claim that her resignation was involuntary, further consideration of the latter claim was appropriate). Therefore, the administrative judge shall reconsider his findings concerning the involuntary resignation claim in light of any further evidence and argument introduced on remand and shall make new findings concerning the appellant's claim in this regard.[7] *See Colbert*, 121 M.S.P.R. 677, ¶ 12; *Diefenderfer*, 108 M.S.P.R. 651, ¶ 37.

¶10     Because this matter is being remanded on other grounds, we need not address the appellant's contentions on review regarding witnesses and evidence excluded from, or unavailable at, the hearing. PFR File, Tab 1 at 2. On remand, the appellant will have the opportunity to submit relevant evidence in support of his claim, and the administrative judge will weigh that evidence accordingly. *See* 5 C.F.R. § 1201.41(b). Furthermore, the appellant will have the opportunity to call relevant witnesses to the supplemental hearing, which the administrative judge will rule on at that time. *See id.*

---

Board will consider the totality of the circumstances, including agency actions that may not individually rise to the level of a personnel action. *Id.*, ¶ 18.

[7] If the administrative judge finds no evidence of reprisal in connection with the appellant's unsatisfactory annual proficiency report, he may, if appropriate, adopt his prior findings regarding the appellant's alleged involuntary resignation.

**ORDER**

For the reasons discussed above, we vacate the initial decision and remand this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_____
/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.